**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                             CASE NO. _____

AMANDA LEA SCHAUMBERG            **COMPLAINT**
N11037 County Road
Waupun, WI 54963

SHAWN O'DONOVAN
N11037 County Road I
Waupun, WI 54963

LORNA O'DONOVAN
W6019 Milligan Road
Waupun, WI 54963

                Defendants.

Comes now plaintiff, United States of America, acting through the Farm Service Agency, United States Department of Agriculture, by Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Carter B. Stewart, Assistant United States Attorney for said District, and for its cause of action alleges that:

1.      This is a civil action brought by the United States of America under the provisions of 28 U.S.C. § 1345 to foreclose upon chattel held by the Defendants.

2.      Defendant Amanda Lea Schaumberg has executed promissory notes secured by security agreements.

3.      Defendant Amanda Lea Schaumberg executed and delivered to plaintiff, acting through the Farm Service Agency, United States Department of Agriculture ("FSA"), the following promissory notes:

1

| DATE | AMOUNT | EXHIBIT (hereto annexed) |
|------|--------|--------------------------|
| May 3, 2017 | $72,000 | A |
| April 28, 2015 | $62,728.65 | B |
| April 28, 2015 | $78,612.24 | C |
| March 20, 2014 | $91,146.82 | D |
| March 20, 2014 | $110,000 | E |
| November 20, 2012 | $90,000 | F |

4. To secure said notes, defendant Amanda Lea Schaumberg executed and delivered to plaintiff a security agreement on November 20, 2012. Another security agreement has since been executed and delivered, which is described as follows:

| DATE | EXHIBIT (hereto annexed) |
|------|--------------------------|
| May 3, 2017 | G |

5. To further secure said notes, on May 10, 2016, non-borrower defendant Shawn O'Donovan executed and delivered to plaintiff a third-party security agreement, pursuant to which Shawn O'Donovan pledged certain farm equipment owned by him as additional collateral for FSA's notes to defendant Amanda Lea Schaumberg. Another third-party security agreement has since been executed and delivered by defendant Shawn O'Donovan, which is described as follows:

| DATE | EXHIBIT (hereto annexed) |
|------|--------------------------|
| May 3, 2017 | H |

6. Two financing statements and a continuation statement were duly filed for record:

| DATE | EXHIBIT (hereto annexed) |
|------|--------------------------|
| October 30, 2017 | I |
| April 30, 2015 | J |
| November 27, 2012 | K |

7. By virtue of said notes, security agreements, third-party security agreements and financing and continuation statements, plaintiff has a security interest in all farm products, crops, livestock and farm equipment owned by defendant Amanda Lea Schaumberg, and a security

2

interest in certain farm equipment owned by defendant Shawn O'Donovan. Said property includes, but is not limited to, the property described in the security agreement and in the third-party security agreement attached hereto.

8. Said property is in the possession of defendant Amanda Lea Schaumberg, and is located at N11037 County Road I, Waupun, WI 54963. Some of the property may be in the possession of defendants Shawn D. O'Donovan or Lorna O'Donovan and may be located at W6019 Milligan Road, Waupun, WI 54963.

9. Defendant Amanda Schaumberg has failed to make the required payments towards the above debts and, therefore, has defaulted under the terms of the applicable loan instruments.

10. Defendant Amanda Schaumberg being in default, plaintiff served upon her a Notice of Acceleration of Indebtedness and Demand for Payment, a copy of which is attached hereto as Exhibit L.

11. Defendant Amanda Schaumberg owes plaintiff under the provisions of the notes, security agreements, financing statements and continuation statements a balance of $153,545.83 as of March 6, 2019 with interest accruing thereafter at the daily rate of $8.3891. A Statement of Account is attached hereto as Exhibit M.

12. The other defendants may claim to have an interest in the subject property but any such interests are junior to the interest of the plaintiff.

WHEREFORE, plaintiff prays that an accounting be taken under the direction of this Court of what is due for principal and interest on the notes and security agreements, and that a decree be entered as follows:

(a) That defendant Amanda Lea Schaumberg pay to plaintiff the principal of $150,128.82 and interest of $3,417.01 together with interest from March 7, 2019 at the rate of $8.3891 per day computed as provided in the notes and security

3

agreements up to the date on which the decree is entered, plus interest thereafter according to law, costs, disbursements and expenses;

(b)    Or in default of such payment, that all legal right, title, and interest that defendants have in the subject property be sold at public sale in accordance with 28 U.S.C. § 2004 and that the amounts due to plaintiff be paid out of the proceeds of the sale;

(c)    That the defendants and all persons claiming or who may claim by, from, or under them be absolutely barred and foreclosed from all rights and equity of redemption in the property;

(d)    That if the proceeds of the sale exceed the sum of money to be paid to plaintiff, any such excess be deposited with the Clerk of this Court subject to further orders of the Court; and

(e)    For such other and further relief as is just.

Dated: June 10, 2019        UNITED STATES ATTORNEY
MATTHEW D. KRUEGER


By:    *s/Carter B. Stewart*
Carter B. Stewart
Assistant United States Attorney
Illinois State Bar No. 6300958
Office of the United States Attorney
Federal Building, Room 530
517 East Wisconsin Avenue
Milwaukee, Wisconsin  53202
Telephone: 414-297-1700
Fax: 414-297-4394
carter.stewart@usdoj.gov

4

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

**FSA-2026**
(08-03-16)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name AMANDA LEA SCHAUMBERG | 2. State WISCONSIN | 3. County DODGE |
|---|---|---|

| 4. Case Number 58-014- | 5. Fund Code 44 | 6. Loan Number 09 | 7. Date 05/03/2017 |
|---|---|---|---|

**8. TYPE OF ASSISTANCE**
210 - OL-BF-Reg-1YR-SDA

**9. ACTION REQUIRING PROMISSORY NOTE:**

- [ ] Initial loan
- [ ] Consolidation
- [x] Subsequent loan
- [ ] Conservation easement
- [ ] Rescheduling
- [ ] Reamortization
- [ ] Deferred payments
- [ ] Debt write down

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* FOND DU LAC, WI or at such other place as the Government may later designate in writing, the principal sum of *(b)* SEVENTY-TWO THOUSAND AND NO/100 DOLLARS - - - - - - - - - - - - - - - - - - - - - - - - - dollars *(c)* ($ 72,000.00 - - - - - - - - - - - - , plus interest on the unpaid principal balance at the **RATE** of *(d)* TWO AND SEVEN-EIGHTHS - - - - - - - - - - - - - - - - - - - percent *(e)* 2.875 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 1 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 74,070.00 | 05/03/2018 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

in the amount *(d)* $ 74,070.00 thereafter on the *(e)* N/A of each *(f)* N/A until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 1 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

In accordance with Federal civil rights law and U.S. Department of Agriculture (USDA) civil rights regulations and policies, the USDA, its Agencies, offices, and employees, and institutions participating in or administering USDA programs are prohibited from discriminating based on race, color, national origin, religion, sex, gender identity (including gender expression), sexual orientation, disability, age, marital status, family/parental status, income derived from a public assistance program, political beliefs, or reprisal or retaliation for prior civil rights activity, in any program or activity conducted or funded by USDA (not all bases apply to all programs). Remedies and complaint filing deadlines vary by program or incident.

Persons with disabilities who require alternative means of communication for program information (e.g., Braille, large print, audiotape, American Sign Language, etc.) should contact the responsible Agency or USDA's TARGET Center at (202) 720-2600 (voice and TTY) or contact USDA through the Federal Relay Service at (800) 877-8339. Additionally, program information may be made available in languages other than English.

To file a program discrimination complaint, complete the USDA Program Discrimination Complaint Form, AD-3027, found online at http://www.ascr.usda.gov/complaint_filing_cust.html and at any USDA office or write a letter addressed to USDA and provide in the letter all of the information requested in the form. To request a copy of the complaint form, call (866) 632-9992. Submit your completed form or letter to USDA by: (1) mail: U.S. Department of Agriculture Office of the Assistant Secretary for Civil Rights 1400 Independence Avenue, SW Washington, D.C. 20250-9410; (2) fax: (202) 690-7442; or (3) email: program.intake@usda.gov. USDA is an equal opportunity provider, employer, and lender.

Initial _____ Date 5/3/17

**Exhibit A**

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note shall, at the option of the Government, become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST<br>INSTALL. DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____ Date _5/3/17_

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 12 or 7 CFR Part 799 and to any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

AMANDA LEA SCHAUMBERG                              05/03/2017

**NOTE:** The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a – as amended). The authority for requesting the information identified on this form is 7 CFR Part 764, 7 CFR Part 765, 7 CFR Part 766, the Consolidated Farm and Rural Development Act (7 U.S.C. 1921 et seq.), and the Agricultural Act of 2014 (Pub. L. 113-79). The information will be used to establish the borrower's agreement to the terms and conditions for obtaining the requested FSA Farm Loan Programs benefits. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial of the requested FSA Farm Loan Programs benefits.

The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| **FSA-2026** (12-05-12) | **U.S. DEPARTMENT OF AGRICULTURE** Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name  Amanda Lea Schaumberg | 2. State  Wisconsin | 3. County  Dodge |
|---|---|---|

| 4. Case Number  58-014- | 5. Fund Code  44 | 6. Loan Number  06 | 7. Date  04/28/2015 |
|---|---|---|---|

**8. TYPE OF ASSISTANCE**

**9. ACTION REQUIRING PROMISSORY NOTE:**

☐ Initial loan ☐ Conservation easement ☐ Deferred payments

☐ Consolidation ☒ Rescheduling ☐ Debt write down

☐ Subsequent loan ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)*  FOND DU LAC, WI  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  SIXTY TWO THOUSAND SEVEN HUNDRED TWENTY EIGHT DOLLARS AND 65/100 - - - - - - - - - -  dollars *(c)* ($  62,728.65 - - - - - - - - - - - - - - , plus interest on the unpaid principal balance at the **RATE** of *(d)*  TWO AND ONE FOURTH - - - - - - - - - - - - - - - - - - - - - - percent *(e)*  2.250  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  11  installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 7,076.00 | 01/01/2016 | $ 7,076.00 | 01/01/2017 |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and *(d)* $  7,076.00  thereafter on the *(e)*  01/01  of each *(f)*  YEAR  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  10  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, mental status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial  Date  4-28-15

**Exhibit B**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-03 | $ 110,000.00 | 2.250 % | 03/20/2014 | Amanda Lea Schaumberg | 03/20/2015 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____ Date 4-28-15

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

Amanda Lea Schaumberg

| NOTE: | The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. |

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

This form is available electronically.

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (12-05-12) | Farm Service Agency | |

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| Amanda Lea Schaumberg | Wisconsin | Dodge |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 58-014- | 44 | 07 | 04/28/2015 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

**9. ACTION REQUIRING PROMISSORY NOTE:**

☐ Initial loan     ☐ Conservation easement     ☐ Deferred payments

☐ Consolidation     ☒ Rescheduling     ☐ Debt write down

☐ Subsequent loan     ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* FOND DU LAC, WI or at such other place as the Government may later designate in writing, the principal sum of *(b)* SEVENTY EIGHT THOUSAND SIX HUNDRED TWELVE DOLLARS AND 24/100 - - - - - - - - - - - - - - dollars *(c)* ($ 78,612.24 - - - - - - - - - - - - , plus interest on the unpaid principal balance at the **RATE** of *(d)* ONE AND ONE EIGHTH - - - - - - - - - - - - - - - - - - - - - - - percent *(e)* 1.125 %) per annum. If this note is a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 11 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 8,356.00 | 01/01/2016 | $ 8,356.00 | 01/01/2017 |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and *(d)* $ 8,356.00 thereafter on the *(e)* 01/01 of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 10 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _[signature]_ Date 4-28-15

**Exhibit C**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-04 | $ 91,146.82 | 1.125 % | 03/20/2014 | Amanda Lea Schaumberg | 03/20/2021 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____ Date 4-28-15

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

_(signature)_ 4-28-15

Amanda Lea Schaumberg

NOTE:      *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses Identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*rescheduled*

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| FSA-2026<br>(12-05-12) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>Amanda Lea Schaumberg | 2. State<br>Wisconsin | 3. County<br>Dodge |
|---|---|---|

| 4. Case Number<br>58-014- | 5. Fund Code<br>44 | 6. Loan Number<br>04 | 7. Date<br>03/20/2014 |
|---|---|---|---|

**8. TYPE OF ASSISTANCE**

**9. ACTION REQUIRING PROMISSORY NOTE:**

☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments

☐ Consolidation  ☒ Rescheduling  ☐ Debt write down

☐ Subsequent loan  ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* FOND DU LAC, WI or at such other place as the Government may later designate in writing, the principal sum of *(b)* NINETY ONE THOUSAND ONE HUNDRED FORTY SIX DOLLARS AND 82/100- - - - - - - - - - - - - - - - - dollars *(c)* ($ 91,146.82 - - - - - - - - - - - - - , plus interest on the unpaid principal balance at the **RATE** of *(d)* ONE AND ONE EIGHTH- - - - - - - - - - - - - - - - - - percent *(e)* 1.125 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 7 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 13,614.00 | 01/01/2015 | $ 13,614.00 | 01/01/2016 |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and *(d)* $ 13,614.00 thereafter on the *(e)* 01/01 of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 7 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _____  Date 3-20-14

**Exhibit D**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-01 | $  90,000.00 | 1.125  % | 11/20/2012 | Amanda Lea Schaumberg | 11/20/2019 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____ Date 3-20-14

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

Amanda Lea Schaumberg

| NOTE: | The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. |
| --- | --- |

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. *RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

_Unscheduled_

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

**FSA-2026**
(12-05-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name <br> Amanda Lea Schaumberg | 2. State <br> Wisconsin | 3. County <br> Dodge |
|---|---|---|
| 4. Case Number <br> 58-014 | 5. Fund Code <br> 44 | 6. Loan Number <br> 03 | 7. Date <br> 03/20/2014 |

| 8. TYPE OF ASSISTANCE <br> OL-BF-Reg-1YR-SDA | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan ☐ Conservation easement ☐ Deferred payments

☐ Consolidation ☐ Rescheduling ☐ Debt write down

☒ Subsequent loan ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* FOND DU LAC, WI or at such other place as the Government may later designate in writing, the principal sum of *(b)* ONE HUNDRED TEN THOUSAND DOLLARS AND NO/100- - - - - - - - - - - - - - - - - - - - - - - - - - dollars *(c)* ($ 110,000.00- - - - - - - - - - - - - , plus interest on the unpaid principal balance at the **RATE** of *(d)* TWO AND ONE FOURTH- - - - - - - - - - - - - - - - - percent *(e)* 2.25 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 1 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 112,475.00 | 03/20/2015 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and *(d)* $ 0.00 thereafter on the *(e)* 03/20 of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 1 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay) USDA is an equal opportunity provider and employer.

Initial _[signature]_ Date 3-20-14

**Exhibit E**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____ Date 3-20-14

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

Amanda Lea Schaumberg

**NOTE:** *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**


*unscheduled*
*restructured*

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 (09-07-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name AMANDA LEA SCHAUMBERG | 2. State WISCONSIN | 3. County DODGE |
|---|---|---|

| 4. Case Number 58-014- | 5. Fund Code 44 | 6. Loan Number 01 | 7. Date 11/20/2012 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE OL BF REG 7YR SDA | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan  ☐ Conservation easement  ☐ Deferred payments

☐ Consolidation  ☐ Rescheduling  ☐ Debt write down

☐ Subsequent loan  ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* FOND DU LAC, WISCONSIN or at such other place as the Government may later designate in writing, the principal sum of *(b)* NINTY THOUSAND AND 00/100------------------------------------------
------------------------------ dollars *(c)* ($ 90,000.00------------------------- , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND ONE-EIGHTH ------------------------------------------
percent *(e)* 1.125 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 8 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 150.00 | 01/01/2013 | $ 13,443.00 | 01/01/2014 |
| $ 13,443.00 | 01/01/2015 | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and *(d)* $ 13,443.00 thereafter on the *(e)* 01/01 of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 7 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial _____ Date 11-20-12

**Exhibit F**

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____ Date 11-20-12

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

AMANDA LEA SCHAUMBERG  BORROWER

N11037 COUNTY ROAD I
WAUPUN, WI  53963

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 7 for Privacy Act and Paperwork Reduction Act Statements).

| FSA-2028 | U.S. DEPARTMENT OF AGRICULTURE | Position 1 |
|----------|--------------------------------|------------|
| (08-03-16) | Farm Service Agency | |

### SECURITY AGREEMENT

1. **THIS SECURITY AGREEMENT,** *dated (a)* __May 3__ , 2017 _____ , is made between the United States of America acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and (b) **AMANDA LEA SCHAUMBERG,**

(Debtor), whose mailing address is (c) N11037 COUNTY ROAD I, WAUPUN, WI 53963-8601

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party, which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which have been executed by Debtor and which are payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement.

**NOW THEREFORE,** in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement:

**MICROLOANS ONLY. DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral as indicated with (m). For the microloan collateral involving equipment and livestock, Secured Party acknowledges that it is taking a security interest in the specifically listed equipment or livestock and all replacements or substitutions. For microloan crop collateral, Secured Party acknowledges that it is taking a security interest in the specific crop, inventory, accounts and contract rights, crop indemnity payments, all entitlements, benefits, and payments from State and Federal farm programs, and deposit amounts arising out of the Debtor's operation or ownership of that crop. Any after-acquired provisions in this Security Agreement do not apply to microloan collateral unless the loan is serviced pursuant to 7 C.F.R. part 766. PLEASE NOTE: This provision shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein for all other loans:

**ALL OTHER LOANS. DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided, however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _____ Date 5/3/17

**Exhibit G**

(b) All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and<br>Direction from Named Town or<br>Other Description |
|---|---|---|---|
| | | | All crops and plants produced where ever grown. |
| | | | |
| 10187 | 28 | DODGE, WI | All crops and plant products wherever grown |
| 12708 | 119 | DODGE, WI | |

including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial ____ Date 5/3/17

(c) All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* WISCONSIN

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | TRACTOR | JOHN DEERE | 7210 | EXCELLENT | 2001 | RW7210H060719 |
| 2 | 1 | PLANTER | JOHN DEERE | 4 ROW 7200 | VG | 1996 | 103284 |
| 3 | 1 | PLANTER/DRILL | CASE | 5300 W/GRASS SEED ATTACH | GOOD | 1999 | JAG0422847 |
| 4 | 1 | AUGER | | | NEW | 2012 | |
| 5 | 1 | ROLLER | BRILLION | 4 ROW MODEL 8-10 | EXCELLENT | 1999 | 182702 |
| 6 | 1 | STALK CHOPPER | BRILLION | FS1446 | VG | 1992 | 174638 |
| 7 | 1 | SOIL FINISHER | KENT | SERIES VI | EXCELLENT | 1998 | S 12484 M 5315091 |
| 8 | 1 | PLOW | TH | 700 | GOOD | | 12984 |
| 9 | 1 | GRAVITY BOX | PARKER | 500 BU | GOOD | 1975 | 799 |
| 10 | 1 | CULTIVATOR | Noble | 4 ROW | GOOD | 1990 | |
| 11 | 1 | spreader | Gehl | Scavenger | Good | | 5740 |
| 12 | 1 | Grain Drill | Case IH | 5300 | good | | JA60422922 |
| 13 | 1 | Loader | IH | 84 Hydro ; 1765 hours | fair | | |
| 14 | 1 | Offset Disk | John Deere | 340 | good | | 012997 |
| 15 | 1 | Snow Blower | Farm King | 960; 8 ft | good | | 20401172 |
| 16 | 1 | Bale Throw Rack | Gruetts | 9x18 | good | | |
| 17 | 1 | Bale Throw Rack | H & S | 9x16 | good | | |
| 18 | 1 | Bale Throw Rack | | 8x16 | good | | |
| 19 | 1 | Elevator | Superior | 42 foot | good | | |
| 20 | 1 | Corn Picker | NI | 2 Row Wide | | | 281249 |
| 21 | 1 | Tractor | John Deere | 4030 / Cab / 4889 hrs | good | | 28591574 |
| 22 | 1 | Haybine | New Holland | 488 | good | | 837839 |
| 23 | 1 | Tedder | Pequea | 710 | | | 07285 |
| 24 | 1 | Tractor | John Deere | 4030 Cabless ; 5025 hrs | good | | 28691742 |
| 25 | 1 | Rake | Gehl | MS1217 | good | | 928 |
| 26 | 1 | Baler | John Deere | 336 | | | 227646 |
| 27 | 1 | Tractor | John Deere | 2040 Loader ; 2626 hrs | good | | 303590L |

(10)Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial ____ Date 5/3/17

(d) All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)*

WISCONSIN

| (2) Line No. | (3) Quantity | (4) Kind or Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |

Initial _____ Date 5/3/17

(e)  All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a)  Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b)  Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c)  Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d)  Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing Statements, and to file continuation statements.

(e)  Debtor will immediately notify Secured Party of: any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f)  Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g)  All advances by Secured Party as described in this Security Agreement, together with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h)  In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _____  Date  9/3/17

**4. IT IS FURTHER AGREED THAT:**

(a) Until default, Debtor may retain possession of the collateral.

(b) **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 12 and 7 CFR Part 799, or any successor regulation. Upon any default:

  (1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

  (2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

  (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

Initial ⟨signature⟩ Date 5/3/17

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

(m) Debtor(s) acknowledge(s) that Secured Party loaned money to me/us to purchase items of collateral that serve as security for my/our loan, thereby, giving Secured Party a Purchase Money Security Interest in those items of collateral listed in Part 2 with an asterisk*.

## 5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _____    6B. *(Date)*  5/3/17

AMANDA LEA SCHAUMBERG

NOTE:    *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 764, 7 CFR Part 765, 7 CFR Part 766, the Consolidated Farm and Rural Development Act (7 U.S.C. 1921 et seq.), and the Agricultural Act of 2014 (Pub. L. 113-79). The information will be used to establish the borrower's agreement to the terms and conditions for obtaining the requested FSA Farm Loan Programs benefits. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial of the requested FSA Farm Loan Programs benefits.*

*The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

*In accordance with Federal civil rights law and U.S. Department of Agriculture (USDA) civil rights regulations and policies, the USDA, its Agencies, offices, and employees, and institutions participating in or administering USDA programs are prohibited from discriminating based on race, color, national origin, religion, sex, gender identity (including gender expression), sexual orientation, disability, age, marital status, family/parental status, income derived from a public assistance program, political beliefs, or reprisal or retaliation for prior civil rights activity, in any program or activity conducted or funded by USDA (not all bases apply to all programs). Remedies and complaint filing deadlines vary by program or incident.*

*Persons with disabilities who require alternative means of communication for program information (e.g., Braille, large print, audiotape, American Sign Language, etc.) should contact the responsible Agency or USDA's TARGET Center at (202) 720-2600 (voice and TTY) or contact USDA through the Federal Relay Service at (800) 877-8339. Additionally, program information may be made available in languages other than English.*

*To file a program discrimination complaint, complete the USDA Program Discrimination Complaint Form, AD-3027, found online at http://www.ascr.usda.gov/complaint_filing_cust.html and at any USDA office or write a letter addressed to USDA and provide in the letter all of the information requested in the form. To request a copy of the complaint form, call (866) 632-9992. Submit your completed form or letter to USDA by: (1) Mail: U.S. Department of Agriculture Office of the Assistant Secretary for Civil Rights 1400 Independence Avenue, SW Washington, D.C. 20250-9410; (2) Fax: (202) 690-7442; or (3) email: program.intake@usda.gov.*

USDA-FSA
FSA 2300-5 WI (07-13-11)

## SECURITY AGREEMENT BY A THIRD PARTY

**1.   THIS SECURITY AGREEMENT**, dated **May 3, 2017**, is made between the United States of America acting through the Farm Service Agency (called **Secured Party**) and **Shawn D. O'Donovan** (called **Owner**), whose mailing address is **N11037 County Rd I, Waupun, WI 53963-8601** in consideration of certain loans made to **Amanda Lea Schaumberg** (called **Debtor**).

**2.   BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory note(s) or other instrument(s), and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory note(s) or other instrument(s), all of which are called **"Note"**, which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time, may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by the Secured Party;

It is the purpose and intent of this Security Agreement to secure the prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE**, in consideration of said loan(s) and (1) to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest, (2) in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and (3) the timely performance of every covenant and agreement of Owner contained in this Security Agreement or in any supplementary agreement:

**OWNER GRANTS** to Secured Party a security interest in Owner's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); providing however the following description of specific items of collateral shall not in any way limit the collateral covered by the Security Agreement and the Secured party's interest therein:

*(a) ALL FPP*

*(b)  (Cross out or delete any items that do not apply)* All crops, annual and perennial, and other plant products now planted, growing or grown, or which are planted after this Security Agreement is signed or otherwise become growing crops or other plant products (1) within the one-year period or any longer period of years permissible under State law, or (2) at any time after this instrument is signed if no fixed maximum period is prescribed by State law including the crops and plant products now planted to be planted, growing or grown or harvested on the following described real estate:

| Farm(s) or Other Real Estate Owner<br>(Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.) | Approximate No. of Acres | County and State | Approximate Distance and Direction from a Named Town or other Description |
|---|---|---|---|
| | | | |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangible arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Owner to any subsequent party.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial(s) AO Ω        Date 5-3-17                                                                                                      Page 1 of 5

**Exhibit H**

*(c) (Cross out or delete any items that do not apply)* All farm and other equipment (except small tools and equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Owner, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of Wisconsin.

| Line No. | Quantity | Kind | Manufacturer | Size and Type | Condition | Year of Manufacture | Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Spreader | Gehl | Scavenger | G | | 5740 |
| 2 | 1 | Grain Drill | Case IH | 5300 | G | | JA60422922 |
| 3 | 1 | Loader | IH | 84 Hydro | G | | Unk |
| 4 | 1 | Offset Disk | John Deere | 340 | G | | 012997 |
| 5 | 1 | Snowblower | Farm King | 960, 8ft | G | | 20401172 |
| 6 | 4 | Bale Throw Racks | Guetts,H&S | 9x18,9x16,8x16 | G | | Unk |
| 7 | 1 | Elevator | Superior | 42 foot | G | | Unk |
| 8 | 1 | Hay Rake | JD | 640 | G | | Unk |
| 9 | 1 | Tractor | JD | 4030 w/cab | G | | 28591574 |
| 10 | 1 | Haybine | NH | 488 | G | | 837839 |
| 11 | 1 | Tedder | Pequea | 710 | | | 07285 |
| 12 | 1 | Tractor | JD | 4030, no cab | G | | 28691742 |
| 13 | 1 | Spreader | Gehl | MS1217 | G | | 928 |
| 14 | 1 | Baler | JD | 336 | | | 227646 |
| 15 | 1 | Tractor | JD | 2040 w/loader | G | | 303590L |

Including the following described fixtures which are affixed or are to be affixed to real estate; as-extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows (include legal description of the land):

*(d) (Cross out or delete any items that do not apply)* All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Owner, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of [Enter State]

| Line No. | Quantity | Kind-Sex | Breed | Color | Weight, Avg Weight | Age or Age Range | Brands or Other ID |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

*(e) (Cross out or delete any items that do not apply).* All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including, but not limited to the following:

Initial(s) _____ Date 5-3-17

Case 2:19-cv-00860-PP   Filed 06/10/19   Page 2 of 5   Document 1-8

### 3. OWNER WARRANTS, COVENANTS, AND AGREES THAT:

(a) Owner is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect, (2) any applicable landlord's statutory liens, and (3) other liens, encumbrances, security or other interests. Owner will defend the collateral against the claims and demands of all other persons.

(b) Owner will (1) care for and maintain the collateral in a good and husbandlike manner, (2) insure the collateral in such amounts and manner as may be required by Secured Party, and if Owner fails to do so, Secured Party, at its option, may procure such insurance, (3) permit Secured Party to inspect the collateral at any reasonable time, (4) not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party, and (5) not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and (6) maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c) *(Cross out or delete any items that do not apply).* Owner will pay promptly when due all (1) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of liens searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest, (2) filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest, and (3) fees and other charges now or later required by regulations of the Secured Party.

(d) Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e) Owner will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Owner's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f) Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor or Owner and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g) All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

### 4. IT IS FURTHER AGREED THAT:

(a) Until default Owner may retain possession of the collateral.

(b) Default shall exist under this Security Agreement if Debtor or Owner fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplement agreement contained, or if any of Debtor's or Owner representations or warranties herein prove false or misleading, or upon the death or incompetence of the parties named as Debtor, or upon the

Initial(s) ___ Date 5-3-17

Page 3 of 5

Case 2:19-cv-00860-PP   Filed 06/10/19   Page 3 of 5   Document 1-8

bankruptcy or insolvency of anyone of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any such default:

1. *(Cross out or delete any items that do not apply).* Secured Party, at its option, with or without notice as permitted by law, may (a) declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable, (b) enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties related to title, possession, quiet enjoyment, merchantability, fitness of the like in any disposition of the collateral.

2. Owner (a) agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and (b) waives all notices, exemptions, compulsory disposition and redemption right;

3. A default shall exist under any other security instrument held or insured by Secured Party and executed or assumed by Debtor or Owner on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorney's fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, and fifth to Owner. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Owner under Secured Party's direction for repair or replacement of collateral, and any balance shall be paid to Owner unless otherwise provided in insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) *(Delete this items if it does not apply).* It is the intent of Owner and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Owner agrees that the Secured Party will not be bound by any present or future State exemption laws. Owner expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) The Security Agreement is subject to the present regulations for the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

(i) The rights and privileges of Secured party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

Initial(s) AOL    Date 5-3-17

Page 4 of 5

(j) Failure of the Secured Party to exercise any right, whether once or often,-shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(k) SECURED PARTY HAS INFORMED OWNER THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.

5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial for the requested action.)*

_Shawn J O'Don_    5-3-17      _____   _____
**Shawn D. O'Donovan**     **Date**       *Signature of Owner*     *Date*

*[Enter Additional Owners]*

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Initial(s) _SOD_ Date 5-3-17      Page 5 of 5

## UCC FINANCING STATEMENT AMENDMENT



| NAME & PHONE OF CONTACT |
| --- |
| Amy Voigt |
| USDA Farm Service Agency |
| amy.voigt@wi.usda.gov |
| 920-266-4647 |

| SEND ACKNOWLEDGMENT TO: |
| --- |
| Amy Voigt |
| USDA Farm Service Agency |
| amy.voigt@wi.usda.gov |

Filing # - 170014665224
Filed - 10/30/2017 8:56:33 AM
Wisconsin Department of Financial Institutions

INITIAL FINANCING STATEMENT FILE #
120015076928
Statement Type
CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the
Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.
NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT

| | ORGANIZATION'S NAME |
| --- | --- |
| **OR** | United States of America, Acting through Farm Service Agency |

| | INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(s)/INITIAL(s) | SUFFIX |
| --- | --- | --- | --- | --- |

OPTIONAL FILER REFERENCE DATA
Continuation for Amanda Schaumberg

**Exhibit I**

Case 2:19-cv-00860-PP   Filed 06/10/19   Page 1 of 1   Document 19

# UCC FINANCING STATEMENT



| NAME & PHONE OF CONTACT |
| --- |
| beckley |
| karen.beckley@wi.usda.gov |
| 920-923-3033 |
| SEND ACKNOWLEDGMENT TO: |
| beckley |
| karen.beckley@wi.usda.gov |

Filing # - 150005464423
Filed - 4/30/2015 1:51:03 PM
Wisconsin Department of Financial Institutions

## Debtor's Exact Full Legal Name

| | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| **OR** | | | | |
| | Individual's Surname | First Personal Name | Additional Name(s)/Initial(s) | Suffix |
| | O'Donovan | Shawn | D | |
| Mailing Address | City | State | Postal Code | Country |
| N 11037 County Road I | Waupun | WI | 53963 | UNITED STATES |

## Secured Party's Name (or name of Total Assignee or Assignor S/P)

| | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| **OR** | United States of America acting through Farm Service Agency | | | |
| | Individual's Surname | First Personal Name | Additional Name(s)/Initial(s) | Suffix |
| Mailing Address | City | State | Postal Code | Country |
| W6529 Forest Avenue | Fond du Lac | WI | 54937 | UNITED STATES |

### This financing statement covers the following collateral:

(a) All crops, livestock, farm products, equipment, certificates of
title, goods, supplies, inventory, accounts, deposit accounts, supporting
obligations, payment intangible, general intangibles, investment
property, crop insurance indemnity payments, and all entitlements,
benefits, and payments from all state and federal farm programs.
(b)
(c) and all proceeds, products, accessions, and security acquired
hereafter.
The security interest perfected secures a future advance clause and the
security agreement contains an after-acquired property clause.

Disposition of such collateral is not hereby authorized.

### Alternative Designation:

Not Applicable

### Financing Statement Relates To:

Not Applicable

### Optional Filer Reference Data:

Per Kelli Youngbeck, FSA FLOT and Raymond R. Falkner, Farm Loan Manager

### Miscellaneous:

**Exhibit J**

Not filled in.

**Collateral is:**

No Designation

**Form Type:**

UCC Financing Statement

## UCC FINANCING STATEMENT



| NAME & PHONE OF CONTACT |
| --- |
| RAYMOND R FALKNER |
| USDA, FARM SERVICE AGENCY |
| RAY.FALKNER@WI.USDA.GOV |
| 9209233033 Ext. 116 |
| SEND ACKNOWLEDGMENT TO: |
| TRACI L NELSON |
| USDA, FARM SERVICE AGENCY |
| TRACI.NELSON@WI.USDA.GOV |

Filing # - 120015076928
Filed - 11/27/2012 9:41:42 AM
Wisconsin Department of Financial Institutions

### Debtor's Exact Full Legal Name

| | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| OR | Individual's Last Name | First Name | Middle Name | Suffix |
| | SCHAUMBERG | AMANDA | LEA | |

| Mailing Address | City | State | Postal Code | Country |
| --- | --- | --- | --- | --- |
| N11037 COUNTY ROAD I | WAUPUN | WI | 53963 | UNITED STATES |

| Type Of Organization | Jurisdiction of Organization | Organizational ID#, if any |
| --- | --- | --- |
| | | |

### Secured Party's Name (or name of Total Assignee or Assignor S/P)

| | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| OR | UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY | | | |
| | Individual's Last Name | First Name | Middle Name | Suffix |

| Mailing Address | City | State | Postal Code | Country |
| --- | --- | --- | --- | --- |
| W6529 FOREST AVENUE | FOND DU LAC | WI | 54937 | UNITED STATES |

### This financing statement covers the following collateral:

This FINANCING STATEMENT covers the following collateral: (a) All crops, livestock, farm products, equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, payment intangibles, general intangibles, investment property, crop insurance indemnity payments, and all entitlements, benefits, and payments from all state and federal farm programs; (b)_____;
(c) All proceeds, products, accessions, and security acquired hereafter.

The security interest perfected secures a future advance clause and the security agreement contains an after-acquired property clause.
Disposition of such collateral is not hereby authorized.

### Alternative Designation:

Not Applicable

### Optional Filer Reference Data:

Not filled in.

### Miscellaneous:

Not filled in.

# Exhibit K

https://www.wdfi.org/apps/ucc/pf.asp?g=AF43C7AB-7AF7-44B1-89D1-5720FC442E8E          11/27/2012

**Debtor Type:**

Not Applicable

**Form Type:**

UCC Financing Statement



**United States Department of Agriculture**

Farm and Foreign Agricultural Services

Farm Service Agency

Wisconsin State Office
8030 Excelsior Drive, Suite 100
Madison, WI 53717
Ph.: 608-662-4422
Fax: 855-758-0755

Certified Mail Return Receipt Requested & Regular
Certified Mail: 7016-1370-0000-8123-0764 Amanda
Certified Mail: 7016-1370-0000-8123-0771 Shawn

## NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT

Amanda Schaumberg
N11037 County Road I
Waupun, WI 53963

February 5, 2019

Dear Ms. Schaumberg:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements which evidence the loans received by you from the United States of America, acting through the Farm Service Agency, United States Department of Agriculture is now declared immediately due and payable. They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | April 28, 2015 | $62,728.65 |
| Promissory Note | April 28, 2015 | $78,612.24 |
| Promissory Note | May 3, 2017 | $72,000 |

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security agreement, and financing statements, etc., described and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| Financing Statement | November 27, 2012 | WDFI | 120015076928 |
| Continuation | October 30, 2017 | WDFI | 170014665224 |
| Financing Statement | April 30, 2015 | WDFI | 150005464423 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments. **The reasons for the acceleration of your indebtedness includes your monetary default.**

The indebtedness due is $150,126.82 unpaid principal, and $3,173.73 interest, as of today, plus additional interest accruing at the rate of $8.3891 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation.

Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue any other available remedies.

If your account is referred to the Department of Justice for foreclosure and/or other collection activity after foreclosure, such as a deficiency judgment or enforcing a judgment lien, attorney's fees may be added to your debt as well as a Department of Justice fee of 3 percent.

Full payment may be made in any of the following ways:

A) CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to FSA at the above listed address.

If you submit to the UNITED STATES any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the UNITED STATES may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

B) TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact FSA immediately if you are interested in this.

C) SALE

You may sell the collateral for your loans for its market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact FSA immediately if you are interested in this.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

USDA is an equal opportunity employer, provider and lender.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE
YOUR FSA DEBTS.

**UNITED STATES OF AMERICA**

BY: _____

Tyler Radke
District Director
Farm Service Agency
United States Department of Agriculture

TR:dl

cc:    Farm Loan Chief, FSA/STO
      Farm Loan Specialist, FSA/Manitowoc County USDA Service Center
      Farm Loan Manager, FSA/Fond du Lac County USDA Service Center

      Shawn D. O'Donovan
      N11037 County Road I
      Waupun, WI 53963

Notice to Customers Presenting Checks

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  For inquiries, please contact your local office.

Privacy Act -- A Privacy Act Statement required by 5.U.S.C. § 552a(e)(3) stating our authority for soliciting and collecting the information from your check, and explaining the purposes and routine uses which will be made of your check information, is available from our internet site at (http://www.fms.treas.gov/otcnet/index.html ), or call toll free at (1-866-945-7920) to obtain a copy by mail.  Furnishing the check information is voluntary, but a decision not to do so may require you to make payment by some other method..

# USPS Tracking®    **FAQs**   **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package   **+**

**Tracking Number:** 70161370000081230764       Remove

**Expected Delivery on**

# THURSDAY

# 7   FEBRUARY
2019   |   **See Product Information**

Feedback

## Delivered

February 7, 2019 at 11:24 am
Delivered, Left with Individual
WAUPUN, WI 53963

**Get Updates**

---

### Text & Email Updates

---

### Tracking History

---

### Product Information

---

**See Less**

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

## The easiest tracking number is the one you don't have to know.

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

# USPS Tracking®  FAQs   (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package ✛

**Tracking Number:** 70161370000081230771

Remove

**Expected Delivery on**

# THURSDAY

# 7  FEBRUARY
2019

**See Product Information**

Feedback

# Delivered

February 7, 2019 at 11:24 am
Delivered, Left with Individual
WAUPUN, WI 53963

**Get Updates**

---

**Text & Email Updates**

---

**Tracking History**

---

**Product Information**

---

**See Less**

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

**FSA-2561**
(11-04-08)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## STATEMENT OF ACCOUNT

Check here ☐ if FSA-2561A (Continuation) is attached.

| 1. Full Case Number | 2. To (FSA requesting office) |
|---|---|
| 58-014-8693 | WISCONSIN STATE FSA OFFICE 58-300 |

3. This is to certify that:

A. Name(s)

AMANDA SCHAUMBERG                    and                    of

B. Address

is (are) indebted to the United States of America as reflected by the following statement of account:

| 4. Transactions Have Been Recorded Through | | 5. Interest has been accrued through (Show date) | 6. Type of Statement (Check Appropriate Box) |
|---|---|---|---|
| A. Charges (Show date) | B. Credits (Show date) | 03/06/2019 | ✔ A. Status by Loan Type |
| 05/03/2017 | 03/05/2018 | | B. Advances in Detail |
| | | | C. Detail Status of Individual Accounts |

| 7. DATE | 8. LOAN CODE | | | | 9. LOAN ADVANCES AND OTHER CHARGES | 10. PAYMENTS AND CREDITS | | 11. UNPAID BALANCES | | 12. DAILY INTEREST ACCRUAL |
|---|---|---|---|---|---|---|---|---|---|---|
| | A. KIND | B. FUND | C. INTEREST RATE | D. LOAN NO. | | A. INTEREST | B. PRINCIPAL | A. INTEREST | B. PRINCIPAL | |
| | | | | | | NOTE | ACCOUNT | | | |
| 04/28/15 | 05 | 44 | 02.2500 | 06 | 62,728.65 | | | | | |
| TOTAL | 05 | 44 | 02.2500 | 06 | 62,728.65 | 3,122.94 | 18,105.06 | 1,353.37 | 44,623.59 | 2.7508 |
| | | | | | | NOTE | ACCOUNT | | | |
| 04/28/15 | 05 | 44 | 01.1250 | 07 | 78,612.24 | | | | | |
| TOTAL | 05 | 44 | 01.1250 | 07 | 78,612.24 | 2,182.60 | 22,885.40 | 628.65 | 55,726.84 | 1.7176 |
| | | | | | | NOTE | ACCOUNT | | | |
| 05/03/17 | 05 | 44 | 02.8750 | 09 | 71,058.00 | | | | | |
| TOTAL | 05 | 44 | 02.8750 | 09 | 71,058.00 | 1,639.18 | 21,281.61 | 1,434.99 | 49,776.39 | 3.9207 |
| **13. TOTALS:** | | | | | 212,398.89 | 6,944.72 | 62,272.07 | 3,417.01 | 150,128.82 | 8.3891 |

| 14. Name of Authorized Official | 15. Signature of Authorized Official |
|---|---|
| LAWRENCE MULLEN | *Lawrence Mullen* |

| 16. Title of Authorized Official | 17. Date of Certification |
|---|---|
| ACCOUNTING TECHNICIAN | 03/11/2019 |

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

**Exhibit M**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box: ☐ Green Bay Division ☐ Milwaukee Division

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition ☐ 560 Civil Detainee - | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example:  U.S. Civil Statute: 47 USC 553
  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases**.  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.